UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES E. ASHLEY, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-360 |
| | ) | |
| SHERIFF WAYNE ANDERSON, | ) | |
| SULLIVAN COUNTY SHERIFF'S | ) | |
| DEPT. JAIL; SULLIVAN COUNTY | ) | |
| JAIL MEDICAL DEPT.; SULLIVAN | ) | |
| COUNTY SHERIFF'S OFFICE; and | ) | |
| SULLIVAN COUNTY DISTRICT | ) | |
| ATTORNEY GREELY WELLS & | ) | |
| OFFICE | ) | |

## **MEMORANDUM and ORDER**

James E. Ashley, Jr., a prisoner in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case for damages and injunctive relief under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional confinement conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his form complaint, the plaintiff alleges a raft of claims, including allegations that he is being denied medical care and medications; religious reading materials; adequate opportunities for recreation; adequate sleeping arrangements (he

---

[2] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

claims to have been sleeping on the floor); a proper grievance procedure; an adequate law library; three meals a day (he asserts that those who occupy trusty positions get three daily meals, whereas all other inmates receive only two meals); proper temperature controls; and unrecorded calls to attorneys. The plaintiff also alleges that the SCDC engages in discriminatory practices.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). A prisoner bears the burden of showing that he has exhausted his remedies. *Id.,* at 1104.

In response to the question in paragraph II of the form complaint, "Is there a prisoner grievance procedure in this institution: YES [ ]  NO [ ]," the plaintiff has checked the "NO" box. However, he goes on to explain that "the grievance system is flawed," that it "[d]oes not offer solutions and that "[n]o response" is given. He also has alleged, as a substantive claim, that "[t]here is no proper grievance procedure for inmates." The court infers, from all these allegations, that the plaintiff is asserting that the SCDC has a grievance procedure, but that it is ineffective or not responsive to the complaints of inmates.

However, section 1997e(a) does not require administrative exhaustion of

3

claims only if the facility offers an *effective* grievance system. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner's subjective belief that it would be futile to present the facts underlying his federal claims through a grievance procedure is insufficient to satisfy § 1997e's exhaustion requirement. *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's allegation that, if he had filed a grievance, prison officials would not have responded does not excuse his failure to exhaust). In other words, the plaintiff is not excused from meeting the statutory requirement of exhaustion of administrative remedies if he concludes that it would be useless to do so, since there is no "futility" exception written into § 1997e.

Accordingly, because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to claims raised in his § 1983 complaint and because he has failed to carry his burden, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE

4

Case 2:04-cv-00360   Document 4   Filed 08/01/05   Page 4 of 4   PageID #: 16